**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**


**UNITED STATES OF AMERICA**

      **VS.**                      **04-CR-10336-NMG**

**JULIO SANTIAGO**


## MEMORANDUM IN SUPPORT OF MOTION TO SEVER

The defendant Julio Santiago is charged with conspiracy to posses with intent to distribute heroin in count one. In count seven he is charged with possession of a firearm in furtherance of a drug trafficking crime and in count eight with possession of firearms which were not registered to him in the National Firearm Registration and Transfer Record. None of the other defendants are charged with firearm violations.

The defendant's position is, that at a trial where the government seeks a jury determination on drugs and guns, and where only one defendant has both charges, joinder unfairly impacts on his right to fairness. In such circumstances three types of prejudice may result. United States v. Scivola, 766 F.2d 37 (1st Cir. 1985). The defendant may become embarrassed or confounded in presenting separate defenses. Drew v. United States, 331 F.2d 85 (DC Cir. 1964). (2) Proof that the defendant is guilty of one offense may be used to convict him of a second offense, even through such proof would be inadmissible in a separate trial for the second offense. Baker v. United States, 401F.2d 958 (DC Cir. 1968). (3) A defendant may wish to testify in his own behalf in one of the offenses but not another, forcing him to choose between the unwanted alternative of testifying to both or testifying as to neither. Cross v. United States, 335 F.2d 987 (DC Cir. 1964).

The defendant has the burden to make a strong showing of prejudice in order to be entitled to a severance.  United States v. Melendez, 301 Fd3 27 (1St Cir. 2002); United States v. Jordan, 112 F.3d 14 (1st Cir. 1997); United States Gray, 958 F.2d 9 (1st Cir. 1992); United States v. Nathanel, 938 F.2d 302 (1st Cir. 1991); United States v. Boylan, 898 F.2d 230 (1st Cir. 1990); United States v. Cresta, 825 F.2d 538 (1st Cir. 1987); United States v. Porter, 764 F2d 1 (1st Cir. 1985).  Prejudice, in this context, means more that just a better chance of acquittal at a count separated trial.  United States v. Martinez, 479 F.2d 824 (1st Cir. 1973).  Severance is appropriate where a joint trial would create a serious risk that the jury would be prevented from making a reliable judgment about guilt or innocence or where a specific trial right would be compromised.  Zafiro v. United States, 506 US 534 (1993); United States v. Yefsky 994 F.2d 885 (1st Cir. 1993); United States v. Font Ramirez, 944 F.2d 42 (1st Cir. 1991).  In this case the defendant does not want to testify about the drug allegations but would want to testify that he neither owned nor possessed the firearms that were seized.  In United States v. Jordan, 112 F.3d 14 (1st Cir. 1997) the defendant argued that he could not produce a good faith defense to the tax charges if he were tried on the mail fraud charges at the same time.

The court in Jordan considered Jordan's denial on the tax offense to be credible and thus, found that by curtailing his right to testify in the tax case the trial court had improperly limited the evidence which the defendant could have produced for trial.  See also United States v. Best, 235 F. Supp. 2d 923 (ND Ind. 2002).

In United State v. Alosa, 14 F.3d 693 (1st Cir. 1994) the defendant sought to have charges involving two loaded handguns and 16 unloaded handguns severed from counts charging possession of marijuana with the intent to distribute.  The trial court denied the severance motion and the First Circuit approved.  That decision, however, was based on the courts skepticism

about the guns for fun testimony which the defendant proposed to offer.  In this case the defendant will loose his right to testify and the jury will hear evidence of another crime if the cases are tried together.

The defendant also contends that joinder offends Federal Rule Criminal Procedure 8 (a) because the charges are not sufficiently similar or connected.

Rule 8 (a) provides that two or more offenses may be charged in the same indictment if the offenses charged are of the same or similar character.  United States v. Melendez, 301 F3d 27 (1st Cir. 2002); United States Randazzo, 80 F.3d 623 (1st Cir. 1996).  Similarity does not require an identity of charges but it does require that some of the same evidence and some of the same witnesses be involved.  United States v. Burgos, 254 F.3d 8 (1st Cir. 2001).

The gun charges give birth to the commonly held notion, cited continuously by the First Circuit, that guns and drugs are inextricable partners.  Simply because the defendant is charged with the drug offenses would give credence to the assertions about guns, which if the cases were to be tried together, he could not deny.

This presents a de facto arrow of prejudice which the defendant cannot overcome and which denies him the fair trial to which he is entitled.

s/_____
John F. Cicilline, Esquire #0433
Attorney for (Julio Santiago)
Cicilline Law Office
381 Atwells Avenue
Providence, RI 02909
Office 401 273.5600
Fax 401 454.5600
Cicilline387@aol.com

## CERTIFICATION

I hereby certify that on January 31, 2006 a true copy of the above document was served upon all attorneys of record by ECF filing.


RAQUEL GIL