UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR No. 04-CR-10336 NMG |
| | ) | |
| JULIO SANTIAGO | ) | AUGUST 25, 2006 |

**DEFENDANTS PRE-TRIAL MEMORANDUM**

DEFENDANTS REQUEST FOR CHARGE

1.      Mr. Santiago, like every person accused in a criminal case, has the absolute right not to testify. This right is just another way of saying that the government has the burden of proof in every criminal case and an accused person has no burden whatsoever. There are, of course, many reasons why completely innocent people, who are accused of having committed offences, may choose not to testify. For instance, some may have a hard time expressing themselves; others may be so upset from being placed on trial that they are unable to testify in their own behalves.

   In this case, Mr. Santiago has chosen to exercise his right not to testify. It would be improper and unfair for you to speculate as to the reason or reasons why he may have so chosen. You must not infer anything whatever from Mr. Santiago's decision not to testify, and I specifically instruct you that during your deliberations you may not discuss this fact in any manner whatsoever. In other words, it may not contribute in any way to your deliberations or decision in this case. See e.g. Carter v. Kentucky, 450 US 288 (1981); Lakeside v. Oregon, 435

US 333 (1978); Griffin v. California, 330 US 609 (1965); Wilson v. United States, 149 US 60 (1893); Cf. Criminal Jury Instructions of the District of Columbia, Nos. 1.10, 2.44, 2.45; United States v. Taylor, 54 F.3d 967 (1st Cir. 1995), United States v. Rodriguez-Cardona, 924 F.2d 1148 (1st Cir. 1991); United States v. Campbell, 894 F.2d 838 (1st Cir. 1st Cir. 1989).

2. The law presumes a defendant to be innocent of a crime. Thus, a defendant although accused, begins the trial with a clean slate. That is, with no evidence against him. The law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable doubt of the defendant's guilt after a careful and impartial consideration of all the evidence in the case. Taylor v. Kentucky, 436 US 478 (1977); 1E. Devitt & C. Blackmar, Federal Jury Practice and Instructions sec. 11.14 (3 ed 1977); United States v. Nickens, 955 F.2d 112 (1st 1992); United States v. Clotida, 892 F.2d 1098 (1st Cir. 1989); United States v. Alston, 551 F.2d 315 (DC Cir. 1976); United States v. Cummings, 468 F.2d 274 (9th Cir. 1972).

The presumption of innocence is a conclusion drawn by the law, in favor of the accused, by virtue wherefore, when brought to trial upon a criminal charge he must be acquitted unless he is proven guilty. Coffin v. United States, 156 US 432 (1895); United States v. Mendoza-Acevedo, 950 F.2d 1(1st Cir. 1991). In other words, the presumption is an instrument of proof treated by the law in favor of one accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created. Id 459; 1 Greene

        Ev. Sec. 34. The presumption is in the nature of evidence in the accused' favor and a knowledge of it should be communicated to the jury. Coffin at 459-460.

3.     The government must prove its case beyond a reasonable doubt. United States v. Nickens, 955 F.2d 112 (1st 1992); United States v. De Vincent, 632 F.2d 147 (1st Cir. 1980). Proof beyond a reasonable doubt is described in this way. If after a full, fair, honest, and intelligent consideration of all of the evidence in this case you have an abiding conviction amounting to a moral certainty of the truth of the charge, then the charge has been established beyond a reasonable doubt. United States v. Cabrera, 208 F.3d 309 (1st Cir. 2000); United States v. Campbell, 61 F.3d 976 (1st Cir 1995); United States v. Jorge, 865 F.2d 6 (1st Cir. 1959). An abiding conviction is not a temporary one, nor one which does for the time being, but is a full, firm, lasting conviction. So here if after a full, firm, honest and intelligent consideration of all of the evidence in this case, you have an abiding conviction amounting to a moral certainty of the truth of the charge made against this defendant then, his guilt is established beyond a reasonable doubt, and it would be your duty under those circumstances to return a verdict of guilty. But, if after such a consideration of all of the evidence in this case, you do not have an abiding conviction amounting to a moral certainty of the truth of the charges made against, him, then the truth of the charge is not established beyond a reasonable doubt, and under those circumstances it would be your duty to return a verdict of not guilty.

4.     To prove the elements of the crime of conspiracy, the government must prove, beyond a reasonable doubt:

      A.    the evidence of a conspiracy

      B.    the defendant's knowledge of a conspiracy

      C.    the defendant's voluntarily participation in the conspiracy.

United States v. Fenton, 367 F.3d 14 (1st Cir. 2004); United States v. Barnes, 244 F.3d 172 (1st Cir. 2001); United States v. Marrero-Ortiz, 160 F.3d 768 (1st Cir.1998); United States v. Morillo, 158 F.3d 18 (1st Cir. 1998); United States v. Gomez-Pabon, 911 F.2d 847 (1st Cir. 1990).

To prove that the defendant belonged to and voluntarily participated in the conspiracy the government must prove two kinds of intent: "intent to agree and intent to commit the substantive offense," United States v. Guerra-Garcia, 336 F.3d 19 (1st Cir. 2003); United States v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); Gomez-Pabon, 911F.2d at 853 [quoting United States v. Rivera-Santiago, 872 F.2d 1073 (1st Cir. 1989)]; United States v. Drougas, 748 F.2d 8 (1st Cir. 1984).

The fact that a defendant knew what was going on is, on its own, not enough to establish an intent to conspire. United States v. Morilllo, supra; United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992); United States v. Aponte-Suarez, 905 F.2d 483 (1st Cir. 1990); United States v. Hyson, 721 F.2d 856 (1st Cir. 1983).

5.    In determining whether a conspiracy existed, the jury may consider the actions and declarations of all the alleged participants. However, in determining whether a particular defendant was a member of a conspiracy, if at all, the jury may consider only his own acts and statements. Whether an individual defendant had become a member of a conspiracy, therefore, may only be determined if the jury finds beyond a reasonable doubt from his own acts and statements, that be

4

became a member. United States v. Medina-Martinez, 396 F.3d 1 (1st Cir. 2005); United Sates v. Frankhouser, 80 F.3d 641 (1st Cir. 1996); United States v. Aponte-Swarez, 905 F.2d 483 (1st Cir. 1990).

It must be kept in mind at all times that the guilt of each alleged conspirator must be considered individually and separately and one cannot be bound by the acts and declarations of other participants until it is established beyond a reasonable doubt, if it is ever established, that a conspiracy existed and that he became a member of the conspiracy. See United States v. Hyson, 721 F.2d 856 (1st Cir. 1983); United States v. Mackdean, 562 F.2d 103 (1st Cir. 1977); United States v. Guanti, 421 F.2d 792 (2nd Cir. 1970); United States v.. Spock, 416 F.2d 165 (1st Cir. 1969).

6.  Evidence that the defendant was in the company of, or associated with one or more of the persons alleged or proved to have been a member of a conspiracy is not sufficient to prove that such defendant was a member of the alleged conspiracy. In fact, mere presence at the scene of a crime even coupled with knowledge that a crime is being committed is insufficient to prove membership in a conspiracy. See United States v. Castro Garcia, 818 F.2d 136 (1st Cir. 1987); United States Paone, 758 F.2d 774 (1st Cir. 1985); United States v. Mehtala, 578 F.2d 6 (1st Cir. 1978); United States v. Francomano, 554 F.2d 483 (1st Cir. 1997).

Similarity of conduct among various persons and the fact that they may have been associated with each other and may have been together and discussed common interests is not sufficient to establish membership in a conspiracy.

In other words, mere association with conspirators even coupled with knowledge that a violation of the law has occurred is insufficient to make a defendant a conspirator. See <u>United States v. Corpus</u>, 882 F.2d 546 (1st Cir. 1989); <u>United States v. Hathaway</u>, 534 F.2d 386 (1st Cir. 1976).

7. Pursuant to FRE 801 (d) (2) (E), statements of one co-conspirator may be admissible in evidence against other co-conspirators if such statements were made in furtherance of the conspiracy, subject to the limitations set out in <u>Crawford v. Washington</u>. 541 US 36 (2004). For such statements to be admissible, the Court must be satisfied, by a preponderance of the evidence, that a conspiracy existed at the time the statement was made, that the statement was made in furtherance of the conspiracy, and that the declarant and the person against whom the statement is offered were members of the conspiracy. <u>United States v. Masse</u>, 816 F.2d 805, 810 (1st Cir. 1987). To conserve judicial resources, the Court may conditionally admit the declaration and make its <u>Petrozziello</u> determination, [<u>United States v. Petrozziello</u>, 548 F.2d 20 (1st Cir. 1977),] at the close of all of the evidence, on the record and out of the jury's presence. <u>United States v. Ciampaglia,</u> 628 F. 2d 632 (1st Cir. 1980).

The term "in furtherance of the conspiracy" means that the statement must tend to advance the object(s) of the conspiracy as opposed to thwarting its purpose. <u>United States v. Tom,</u> 330 F. 3d 83 (1st Cir. 2003); <u>United States v. Piper</u>, 298 F. 3d 47 (1st Cir. 2002).

A defendant who joins a conspiracy is responsible for statements of other co-conspirators made in furtherance of the conspiracy even if such statements were

made prior to his joining the conspiracy. United States v. Baines, 812 F.2d 41 (1st Cir. 1987).

In making its Petrozziello findings, the Court may consider the hearsay statements, although there must be some extrinsic evidence, which together with the hearsay statements is sufficient to show, more likely than not, that a conspiracy existed. United States v. Sepulveda, 15 F. 3d 1161 (1st Cir. 1993); Bouriaily v. United States, 483 US 171 (1987).

8.   In order to aid and abet another to commit a crime it is necessary that the defendant in some way associate himself with the venture, that he participate in it as in something he wishes to bring about, and that he seeks by his action to make it succeed. Nye and Nissen v. United States, 336 US 613 (1949); United States v. Medina-Roman, 376 F.3d 1 (1st Cir. 2004); United States v. Valerio, 48 F.3d 58 (1st Cir. 1995); United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992); United States v. Mehtala, 578 F.2d 6 (1st Cir. 1978); United States v. Francomano, 554 F.2d 483 (1st Cir. 1978); United States v. Peoni, 100 F.2d 401 (2nd Cir. 1938).

The government must prove this sharing of criminal intent. United States v. Francomano, supra; Johnson v. United States, 195 F.2d 673 (8th Cir. 1952). Mere association between the principal and others is not sufficient to establish guilt, United States v. Mehtala, 578 F.2d 6 (1St Cir. 1978); Ramirez v. United States, 363 F.2d 33 (9th Cir. 1966) nor is mere presence at the scene and knowledge that a crime was committed sufficient to establish guilt. Hicks v. United States, 150 US 442 (1893); United States v. Morillo, 158 F.3d 18(1st Cir.

1998); United States v. Francomano, 554 F.2d 483 (1st Cir. 1977); United States v. Gorguilo, 310 F2d 249 (2nd Cir. 1962).

To be held responsible for participation in the crime, a party must be shown to have entered knowingly, willfully and intentionally into an agreement to further the crimes' purpose. The government must therefore, prove that the defendant associated himself with the unlawful narcotic crime in some way and that he affirmatively participated in the venture in some fashion so as to make it succeed. United States v. O'Campo, 973 F.2d 1015 (1st Cir. 1992); United States v. Lema, 909 F.2d 361 (1st Cir. 1990); United States v. Aponte-Suarez, 905 F.2d 483 (1st Cir. 1990) United States v. Campa, 679 F.2d 1006 (1st Cir. 1982).

9. If the evidence viewed in the light most favorable to the government gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, the jury must find the defendant not guilty. This is so because where an equal theory of guilt and a theory of innocence is supported by evidence viewed in the light most favorable to the prosecution, a reasonable jury must necessarily entertain a reasonable doubt. United States v. Flores-Rivera, 56 F.2d 319 (1st Cir. 1995); United States v. Sanchez, 961 F.2d 1169 (5th Cir.), cert denied 113 S. Ct. 330 (1992).

10. A cooperating witness is a competent witness. He is one whose services are used by the government to obtain information on persons suspected of violating the law or to obtain other similar information. A cooperating witness may act for pay, for immunity from punishment, or leniency.

His testimony should be examined by you with greater care than the testimony of any ordinary witness. You should scrutinize the testimony closely to determine whether it is colored in such a way as to place blame upon the defendant in order to further the witness' own interest. You should receive such testimony with caution. You should, however, give the testimony such weight as in your judgment it is fairly entitled to receive. Crawford v. United States, 212 US 183 (1909); United States v. Fernandez, 145 F.3d 59 (1st Cir. 1998); United States v. Hernandez, 109 F.3d 13 (1st Cir. 1997); United States v. Gibson, 726 F.2d 869 (1st Cir. 1984); United States v. Sarvis, 523 F.2d 1177 (DC Cir. 1975); Devitt & Blackmarr, Federal Jury Practice and Instructions. 1702, 1703.

11. In count 7, the defendant is charged with possession of a firearm in furtherance of a drug trafficking crime. That charge requires the government to prove that the defendant possessed a firearm, as that term is defined by 18 US 921 (a) (3) and that he possessed the firearm during and in relation to a drug trafficking crime and that his possession furthered the drug trafficking crime. 18 US C 924 (c)

While there is no requirement that the firearm he's brandished, displayed or discharged, the mere possession of the firearm during a criminal episode does not satisfy the elements of the statute. United States v. Ramon Castro-Lara, 970 F.2d 976 (1st Cir. 1992); United States v. Plummer, 964 F.2d 1261 (1st Cir. 1992); United States v. Young Bey, 893 F.2d 178 (8th Cir. 1990); United States v. Payero, 888 F.2d 928 (1st Cir. 1989). There must be some facilitative nexus between the weapon and the drug trafficking. Payero at 929; United States v. Abreau, 952 F.2d 1458 (1st Cir. 1992); United States v. Hadfield, 918 F.2d 987 (1st

9

Cir 1990); United States v. United States v. Ingraham, 832 F.2d 229 (1st Cir. 1987).

The government must prove that the defendant possessed a firearm during the course of the drug trafficking offense as a means of furthering the drug crime. United States v. Villafane-Jimenez, 410 F.3d 74 (1st Cir. 2005); United States v. Brown, 915 F.2d 219 (6th Cir. 1990). Moreover it must establish that the possession was employed to further the drug crime, United States v. Villafane-Jimenez, supra; United States v. Grace, 367 F.3d 29 (1st Cir. 2004); United States v. Carlos-Cruz, 352 F.3d 499 (1st Cir. 2003)' and not that it was simply possessed. United States v. Garner, 338 F.2d 78 (1st Cir. 2003); United States Luciano, 329 F.3d 1 (1st Cir. 2003).

12. In count eight the defendant is charged with receiving and possessing firearms, to wit silencers which were not registered to him in the National Firearms Registration and Transfer Record.

A silencer is defined as a device which silences, muffles or diminishes the report of a portable firearm.

The essential elements of the crime of possession of a firearm are that the defendant possessed the firearm either actually or constructively, and that he did so knowingly and intentionally. United States v. Latham, 874 F.2d 852 (1st Cir. 1989); United States v. Charris, 822 F.2d 1213 (1st Cir. 1987).

Possession, can of course, be either actual or constructive. Constructive possession is defined as exercising dominion or control over the firearms. United States v. Batista-Polanco, 927 F.2d 14 (1st Cir. 1991); United States v. Lochan,

674 F.2d 960 (1st Cir. 1982); United States v. Thompson, 700 F.2d 944 (5th Cir. 1983); United States v. Batimana, 623 F.2d 1366 (9th Cir. 1980).

PROPOSED VOIR DIRE QUESTIONS

1. What is your age?

2. Where do you reside? How long?

3. With whom do you live?

4. Where are you originally from?

5. What is your educational background?

6. What is your occupation? Where are you employed?

7. If you are retired, how were you employed when working? How do you now spend your time?

8. Are you married? If so:

    a. What is your spouse's occupation?

    b. How long has he/she held that position?

    c. If your spouse is retired, what was her/his occupation prior to retirement?

9. Do you have any children?

    a. How old are they?

    b. If grown, what are they occupations?

10. Have you ever served as a juror in a criminal or civil case or as a member of a grand jury, either in federal or state court? If so:

    a. When did you serve? How many times?

    b. Was your service in state or federal court?

    c. Was it a civil or criminal case?

      d. Without stating the verdict (s), please state whether the jury deliberated and reached a verdict (s).

      e. Has your experience as a juror influenced your opinion of this case in anyway?

      f. Will you be able to judge the facts of this case fairly and impartially based on the evidence presented to you without reference to your past participation as a juror?

      g. Will you accept the law as I give it to you without reference to what was said by any other judge in any other case?

      h. Do you feel that your participation as a juror at another time would in any way impair your ability to serve as a fair and impartial juror in the trial in this case?

11. Have you or has any member of your family or any of your close friends ever been employed as a law enforcement officer, or as an investigator for the federal g government? If so:

      a. Would your relationship with this individual in any way influence your consideration of this case so that you could not judge fairly and impartially the evidence presented to you?

      b. Would the fact that you have a relative or friend as a law enforcement officer or government investigator in any way affect your judgment in this case?

12. The government is required to prove its case beyond a reasonable doubt. Do you understand that proposition and agree to employ it in the trial of this case?

13. If the government does not prove its case beyond a reasonable doubt, do you have any reason, morally, philosophically or ethically why you could not go into the jury room and acquit the defendant?

14 The defendant in this case is a member of a minority: Have you experienced any kind of problem in employment, housing, education or neighborhood which involved a member of a minority.

15. Does anyone have any other matter which you feel should be called to the Court's attention which may have some bearing on your qualifications as a juror or which you feel might prevent you from rendering a fair and impartial verdict based solely upon the evidence and upon my instructions as to the law?

/s/ *JOHN F. CICILLINE*
_____
John F. Cicilline, Esquire #0433
Attorney for (Julio Santiago)
Cicilline Law Office
381 Atwells Avenue
Providence, RI 02909
Office 401 273.5600
Fax 401 454.5600
Cicilline387@aol.com

## **CERTIFICATION**

I hereby certify that on August 25, 2006 a true copy of the above document was served upon all attorneys of record by ECF filing.

RAQUEL GIL