**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 04-CR-10336 NMG |
| | ) | |
| JULIO SANTIAGO | ) | SEPTEMBER 12, 2006 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION**

On August 31, 2006 the government caused a response to be sent to counsel for the defendants', which purported to satisfy the court's order, Rule 16 of the Rules of Criminal Procedure and Rules 702,703, and 705 of the Rules of Evidence. The response satisfies none of those requests.

On November 1, 2005 counsel discussed with the court the need to have the defendants furnished with the governments interpretations of the jargon employed during telephone conversations and direct contact with and by the defendant's. The Court agreed that this information should be furnished by the government.

That ruling by the court was consistent with the plain meaning of the language from Rule 16 which says, that at the defendants' request:

> ……. the government must give to the defendant a written
> summary of any testimony that the government intends to
> use under Rules 702, 703 or 705 of the Rules of Evidence,
> during its case in chief at trial.

The "written summary of any testimony" is not satisfied by a response that lists the litany of areas in which its three witnesses claim to be experts. Nor is it satisfied by the reference to the witnesses ability to "discuss the common use of coded language".

See United States v. Cruz, 363 F.3d 187 (2nd Cir. 2004); United States v. Duvall, 272 F.3d 825 (7th Cir. 2001).

In United States v. Duvall, 272 F.2d 825 (7th Cir. 2001) the government furnished the same kind of general subject matter answer that the government used here. The court there said:

> The Rule (16) requires a summary of the expected testimony, not a list of topics.

It is well settled that the government may elicit expert testimony from a properly qualified expert witness regarding the parlance of the narcotics trade and the meaning thereof. United States v. Cruz, 363 F.3d 187 (2d Cir. 2004); United State v, Nersesian, 824 F.2d 1294 (2d Cir. 1987). This is so because drug dealers use codes to disguise the content of their discussions. United States v. Garcia, 291 F.3d 127 (2d Cir. 2002).

Before testimony, of this nature may be admitted the District Court has discretion to determine the reliability of the specialized knowledge asserted by the expert. See Kumho Tire Co. v. Carmichael, 526 US 137 (1999); United States v. Salimonu, 182 F.3d 63 (1st Cir. 1999). Indeed, it is the responsibility of the District Court to determine whether the expert testimony rests upon sound scientific methodology. Id; United States v. Echeverri, 982 F.2d 675 (1st Cir. 1993); United States v. Hoffman, 832 F.2d 1299 (1st Cir. 1987).

The District Court must be vigilant gatekeepers of such expert testimony so as to ensure that it is reliable and not substantially more unfairly prejudicial than probative. United States v. Dukajini, 326 F.3d 65 (2d Cir. 2003); United States v. Alzanki, 54 F.3d 994 (1st Cir. 1995); United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993).

In <u>United States v. Ayala-Pizarro</u>, 407 F.3d 25 (1st Cir. 2005) the court noted that since the 2000 amendments to the Federal Rules of Evidence, the trial court must assess the reliability and helpfulness of expert testimony because of <u>Kumho Tire</u>, supra, and <u>Daubert v. Merrell Dow Pharms Inc.</u>, 509 US 579 (1993), but also because the line between expert opinion under Rule 702 and lay opinion under 701 is not easy to draw. <u>Ayala-Pizarro</u> at 28, [quoting <u>United States v. Colon Osorio</u>, 360 F.3d 48 (1st Cir. 2004)]. <u>Ayala Pizarro</u>, also said that the amendments subjected testimony, falling within the scope of Rule 702, to heightened reliability requirements and the rules governing pre-trial disclosure. That case, concerned itself with two areas that both the District and Circuit Courts agreed were within the scope of Rule 701's, lay opinion parameters. These matters both involved testimony about things that the agent saw and were not matters of expertise. Id 29; <u>United States v. Santana</u>, 342 F.2d 60 (1st Cir. 2003); <u>United States v. Vega-Figueroa</u>, 234 F.3d 744 (1st Cir 2000).

The government suggests that the testimony of the witnesses Cepero, Hansen and Chavez may not qualify as "expert." (Pg. 3 of its memorandum.) Portions of the anticipated testimony, however, are clearly only admissible if the witness is an expert. See <u>United States v. Valle</u>, 72 F.3d 210 (1st Cir. 1996); <u>United States v. Tepira Ortiz</u>, 23 F.3d 738 (2d Cir. 1994). An experienced narcotics investigator may testify about undercover work, controlled buys, the distribution pyramid, how narcotics are packaged and the use of hides and firearms, based on the officers experience. See <u>Unites States v. Santana-Rosa</u>, 132 F.3d 860 (1st Cir. 1998); <u>United States v. Paiva</u>, 892 F.2d 148 (1st Cir. 1989). But matters involving dosages, prices, and other particulars endemic to the ingestion and distribution of cocaine are beyond the ken of the average juror.

Consequently, expert testimony on these subjects is likely to help the jury and hence if sanctioned by the trial judge are admissible in evidence. United States v. Valle, 72 F.3d 210 (1st Cir. 1996); United States v. Ladd, 885 F2d. 954 (1st Cir. 1989) (approving admission of expert testimony that the quantity and packaging of heroin indicated its suitability for distribution). Such testimony is admissible, however, only when it meets the foundational requirements governing expert testimony. United States v. Gonzalez-Maldonado, 115 F.3d 9 (1st Cir. 1997); United States v. Shay, 57 F.3d 126 (1st Cir. 1995). The decided cases establish that the reach of Santana Rosa, and like cases, was never intended to extend to areas like "coded language" or areas where a witness is permitted to testify that a certain quantity of a contraband substance was consistent with distribution. Both are subjects of expertise. And because they are, the subject of expertise, they require not only that Rule 702 be complied with, they also require that their substance be disclosed pre-trial. United States v. Duvall, supra; United States v. Valle, supra. The ability to identify a witness that was approved in Santana-Rosa, does not parallel testimony which interprets codes or testimony which sorts out the difference between possession and distribution on the basis of drug weight alone. See also United States v. Rivera Santiago, 107 F.3d 960 (1st Cir. 1997) (witness not permitted to testify to geographic coordinates because not an expert). Witness identification is commonplace and as such is subject to the strictures of Rule 701. Code language, on the other hand involves technical or specialized knowledge. United States v. Duvall, supra.

     Rule 702 itself defines "expert testimony" as testimony, which is offered of "scientific, technical or specialized knowledge"; and the rule requires that the proponent of the evidence establish that the testimony is based on sufficient facts or data, is the

product of reliable principles and methods and that the witness has applied the principals and methods reliably to the facts of the case. id. Subjecting the evidence to those safeguards insures that, <u>Daubert v. Merrell Dow Pharmaceutical Inc.</u>, 509 US 579 (1993) and <u>Kumho Tire</u>, supra, are complied with, and reduces the probability that junk science will find its way into the courtroom. See <u>United States v. Agudelo</u>, 988 F.2d 285 (1st Cir. 1993).

Those principals apply to the use of testimony which will assist the jury in understanding "code conversations on tape recordings". See <u>United States v. Gonzales-Maldonado</u>, 115 F.3d 9 (1st Cir. 1997); <u>United States v. Montas</u>, 41 F.3d 775 (1st Cir. 1994); <u>United States v. Lamattina</u>, 889 F.2d 1191 (1st Cir. 1989). It is only when the conversations are clear that interpretation by experts is not permissible. <u>Gonzalez-Maldonado</u>, supra.

For those reasons the court should exclude the testimony of the witnesses Cepero, Hansen and Chavez, because the government has failed to comply with the discovery request.

        Respectfully submitted,
        Julio Santiago,
        by his attorney,

    /s/ *JOHN F. CICILLINE*
    _____
    John F. Cicilline, Esquire #0433
    Attorney for (Julio Santiago)
    Cicilline Law Office
    381 Atwells Avenue
    Providence, RI 02909
    Office 401 273.5600
    Fax 401 454.5600
    jfcicilline387@aol.com

## **CERTIFICATION**

      I hereby certify that on September 12, 2006 a true copy of the above document was served upon all attorneys of record by ECF filing.

      /s/  *JOHN F. CICILLINE*