UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Cr. No. 04-10336-NMG |
| JOSE SANTIAGO ET AL. | ) |
| | ) |
| Defendants | ) |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR DEPOSITION

The United States, by its attorneys, Michael J. Sullivan, United States Attorney, and William F. Bloomer, Assistant U.S. Attorney, hereby submits its Opposition to Defendant Julio Santiago's Motion for Deposition. For the reasons set forth below, the defendant's motion should be denied as frivolous and in direct violation of the Local Rules as well as Fed. R. Crim. P. 15 itself.

First and foremost, counsel did not confer with the undersigned prosecutor pursuant to Local Rule 7.1(A)(2) before filing this motion. Had counsel done so, this matter possibly could have been resolved without the involvement of the Court. The government would have agreed, had the defendant requested, to supplement its Summary of Testimony to be Offered under Fed. R. Evid. 702. (hereinafter "the Government's Summary"). Specifically, the government would have described that during the course of consensually intercepted conversation with Reynaldo Rivera and Zuleima Reyes, coded language was used over the

1

telephone to discuss the substance heroin (for example, the terms "huevo" or "huevitos" meaning "egg" or "little egg" and "finger" were used to describe 10 grams of heroin).  These terms are specifically identified in the recordings provided to the defense.

During subsequently intercepted conversations pursuant to T-III Orders, coded and cryptic language was used to refer to heroin, drug money, and activities and items associated with heroin distribution.  By way of examples, the government would have informed the defense that heroin was referred to in substance as, among other things, the following: "guys," "CDs" ("salsa" and "bacheta"), "papers," "registration papers," "dollars," "tickets," "workers," "that," "tires full of cars," "one(s)," "innings," "pesos," "cakes," "money orders," "two of the good ones for Taylor," "100 flans," "plant," "number," "time," and other similarly cryptic terms.  The government would have noted that drug money was referred to in substance as, among other things, the following: "papers," "tickets," "that," "car papers," "luggage," "suitcases," and other vague terms. And the government would have described that activities associated with heroin distribution, and heroin distribution itself, was referred to in substance as, among other thing, the following: "filling out some papers," "working on the car," "playing," "checking the carburetor and injectors," "playing [or watching] the [baseball]

game", "going to the ball game or baseball game," "getting ready to go to the beach," "factory job," and going to or taking trips to various locations.

Coupled with the initial Government's Summary, these decryption of coded words more than satisfy its obligations under Fed. R. Crim. P. 16(a)(1)(E) and (b)(1)(C), assuming it applies to the present case at all, to provide a "**written summary**" of any Rule 702 testimony. See United States v. Villarman-Oviedo, 325 F.3d 1, 7, 13 (1st Cir. 2003) (government's discovery letter, which described "**the general context of [a narcotics agent's] testimony,**" gave ample notice of the witness' specialized knowledge.[1])(emphasis added).

Second, the defendant's motion fails to state any reason why it should be granted other than regurgitating the language of the rule itself.  Local Rule 7.1(B)(1) states that a party filing a motion "shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted."  The rule also states that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."  Filing a motion

---

[1]The discovery letter in Villarman-Oviedo informed the defendant that the government intended to call the detective-witness "to testify about factual matters and maybe as an expert witness. [The defendant] was also informed about [the detective-witness'] background and experience, **as well as the general context of his testimony**." Id. at 7 (emphasis added).

and a memorandum of law that simply restates Rule 15 itself hardly satisfies the requirements of LR 7.1(B)(1).

Third, the defendant's attempted exploitation of Rule 15 for discovery purposes in criminal cases is improper and contrary to the stated intent of Rule 15.[2]  Rule 15 permits depositions exclusively for the purpose of preserving testimony and even then only under exceptional circumstances.  See U.S. v. Ferrera, 746 F.2d 908, 913 (1st Cir. 1984) (District Court denial of request or deposition affirmed); United States v. Bunnell, 201 F. Supp. 2d 169, 171 (D. Me. 2002) (Defendant's motion to depose a witness with a serious brain disorder, who was likely to be unavailable at trial, was denied because the defendant could prove the facts of the witness' testimony by other means); United States v. Kelley, 36 F.3d 1118, 1124 (D.C. Cir. 1994) (Defendant's motion to depose witnesses was denied because "[p]reserving their testimony was obviously not the objective in seeking their depositions.").

Here, the defense has fallen far short of meeting the

---

[2]Fed. R. Crim. P. 15 advisory committee's (1974 amendment.) ("The Committee does not want to encourage the use of depositions at trial, especially in view of the importance of having live testimony from a witness on the witness stand."). The defendant, as the moving party, bears the burden to prove that the objective of the deposition is to preserve the testimony of the Task Force Agents Marcos Chavez, Jamie Cepero, and Terry Hanson, and further that exceptional circumstances exist.  Bunnell, at 201 F. Supp. 2d 170 (citing Ferrera, 746 F.2d at 912).  It rests within the province of the district court to determine whether the defense has met this burden.  See e.g., Ferrera, 746 F.2d at 912.

onerous burden imposed by Rule 15.  There is no reason whatsoever to believe that Task Force Agents Cepero, Chavez or Hanson will be unavailable at trial, or that "exceptional circumstances" exist to warrant the preservation of their testimony through depositions occurring just two-weeks before trial.

It is apparent that the defendant's sole desire here is to use Rule 15 to usurp the detailed discovery procedures in place under Fed. R. Crim. P. 16, Local Rules 116.1 through 116.9, and pertinent case law.  This practice is in direct conflict with the clear goals of Rule 15.  Indeed, the advisory committee's Notes to Fed. R. Crim. P. 15 specifically state, "The principal objective is the preservation of evidence for use at trial. It is **not** to provide a method of pretrial discovery nor primarily for the purpose of obtaining a basis for later cross-examination of an adverse witness." (emphasis added).

## Conclusion

For the above-enunciated reasons, the government respectfully urges this Court to deny the defendant's Motion for

5

Deposition.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

     By:     */s/ William F. Bloomer*
                 William F. Bloomer
                 Assistant U.S. Attorney
                 One Courthouse Way
                 Boston, MA

Date: 19 September 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

                    /s/ William F. Bloomer
                    William F. Bloomer