IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES OF AMERICA )
Appellee, )
v. ) USCA No. 07-1575
) USDC No. 1:04-cr-10336-NMG
JULIO CARRION SANTIAGO )
Defendant, Appellant, /

**MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**
AND
**MOTION FOR NEW COURT-APPOINTED COUNSEL DUE TO ETHICAL CONFLICT AND IRREPARABLE DIFFERENCES BETWEEN DEFENDANT-APPELLANT AND HIS CURRENT LEGAL COUNSEL**

COMES NOW, the Defendant-Appellant, Julio Carrion Santiago, representing himself pro se, and hereinafter referred to as ("Appellant" or "the Appellant") and Moves before this Court for an Order granting the hereinabove noted Motions.

IN SUPPORT THEREOF, the Appellant would render the following argument, cases, and points of law:

I.

On October 14, 2004 a sealed indictment was issued, and as a result, on October 15, 2004 the Appellant was arrested on charges of Conspiracy to possess with intent to distribute and distribute heroin a violation of U.S.C. Title 21:846. The Appellant was also charged with Possession of a Firearm in furtherance of a drug trafficking crime, a violation of U.S.C. Title 18:924(c). Shorthly thereafter, the Appellant retained the legal services of John F. Cicilline, of 381 Atwells Avenue, Providence, Rhode Island, 02909. Mr Cicilline represented the Appellant through trial in the above numbered and styled

United States District Court Cause.

During the trial a conflict arose between the Appellant and his legal counsel, Mr. Cicilline. The crux of the conflict was in regard to whether or not the Appellant should testify in his own behalf. The Appellant believed he should and Mr. Cicilline felt that doing so was not in the Appellant's best interest.

As a result of this conflict, the Appellant's attorney believes that this conflict is of an ethical nature for himself (See attached and enclosed Exhibit 1). Appellant on the other hand still believes he should have been allowed to testify on his own behalf and that because of not being able to, he suffered actual prejudice.

II.

The Appellant timely appealed his U.S.C.A case but has no funds with which to pay either the entire amount owed to Mr. Cicilline or to hire other legal counsel. For that reason he moves before this Court requesting leave to proceed in forma pauperis and has completed the financial form in regard to such. The Appellant has received $906.00 in the past six months, which were monies sent to him by his family. This amount is a one-time financial abberation in which his family gathered their meager sums together to send to the Appellant. Appellant does not expect to receive near this amount in the future. (See herein enlosed affidavit and financial statement.) In addition to the monies shown on the Account sheet, the Appellant earns $5.25 per month in his employment by the Bureau of Prisons.

Additionally, the $455.00 in filing fees required to appeal this matter was paid by a friend of the Appellant, Ms. Kassandra Olivio, who has since experienced financial difficulties and requested that the Appellant petition the District Court (or this Court) for reimbursement of those funds back to her. The Appellant prepared a Motion for that purpose and mailed same to the District Court and to AUSG, William Bloomer on April 16, 2007 (See attached and enclosed Exhibit 2). However, the Appelllant has been unable to find evidence that the District Court received or filed the Motion. For that reason a separate Motion will be prepared within the next few days. Subsequently, it should be noted from this information that the Appellant is truly indigent.

**III.**

On March 20, 2007, the Appellant's legal counsel, Mr. John F. Cicilline, filed a Motion before the District Court for permission to withdraw as legal counsel for the Appellant (Refer to Docket Item No. 359 of Docket Sheet). In recent weeks, by letter to the Appellant, Mr. Cicilline reminded the Appellant of this fact. The Appellant himself had filed a Motion to the District Court requesting new counsel be appointed. This Motion was filed with the District Court on March 15, 2007 and the Motion did specifically request that the Court appoint legal counsel from a list of attorneys the Appellant had proffered to the Court, with the Appellant reasoning that not all attorneys have the legal experience to represent the Appellant properly in such a comlicated case. The Appellant later renewed the

the same Motion, requesting an attorney be appointed from the same list proposed in his District Court Motion. That Motion, was mailed to the Court on August 12, 2007.

In regard to the Motions mentioned supra, this Court rendered two rulings. On August 14, 2007 the Court ruled that Appellant's legal counsel, John F. Cicilline was denied without prejudice to withdraw as legal counsel. On August 21, 2007 the Appellant was noticed that his pro se motion for court-appointed counsel was also denied without prejudice. Each Order of the Court noticed both the Appellant and Mr. Cicilline that the Appellant had to file a Motion to Proceed IFP and a financial affidavit (a copy of which is noted as Exhibit 3), with the District Court, and to provide this Court with proof of filing. Likewise, Mr. Cicilline was instructed by the Court in its August 14, 2007 Order that Mr. Cicilline was to provide documentation to the Court which was signed by the Defendant (or in this case the Appellant), indicating (1) whether the Defendant wishes to proceed pro se, (2) whether the Defendant has retained new counsel, or (3) whether the Defendant wishes to apply for appointed counsel.

In accordance with the information requested by this Court the Appellant (noted Defendant in the above paragraph) does want to proceed pro se if the Court is unwilling to appoint one of the attorney listed in his aforementioned Motion of August 12, 2007. The Appellant has completed and mailed the financial affidavit to the District Court (mailed simultaneously to the mailing of this Motion) and has mailed a copy of same to both

the United States Attorney's Office and to Mr. John Cicilline as indicated by the Certificate of Service infra.

Further, the Court should note that if the Appellant is not allowed to proceed pro se, or with the previously requested (by his August 12, 2007 Motion) attorneys, he would want the Court to allow him the right to interview court-appointed Counsel to determine that said counsel would be qualified to properly defend the Appellant in a case of this complexity. The Appellant would also be insistent that oral argument be reqested on his behalf in this matter and if such were granted, the Appellant would absolutely wish to make the effort to assure that appointed legal counsel could stand competently before this Court, otherwise the Appellant would believe that he would not have received justice in this matter.

The relationship between the Appellant is irreparable. The Appellant does not place blame or believe that pursuing such is constructive. Suffice it to say that both the Appellant and Mr. Cicilline do not, have not, and will not agree as to the proper path of defense in this matter.

Therefore, it would only seem prudent that this Court appoint new legal counsel, either from the list that the Appellant included in the Motion that he mailed to the Court, or in the alternative to allow the Appellant to interview the attorney(s) this Court might appoint to represent him in this direct appeal matter.

WHEREFORE, premises considered and for good cause shown, the Appellant moves before this Court for the issuance of an

Order recognizing that the Appellant is truly indigent and is elligible to proceed in forma pauperis, that the Appellant and his attorney have an irreperable attorney-client relationship, that the Appellant's present attorney, John F. Cicilline, believes he either has had or now has an ethical conflict in this matter, and that new competent cousel should be appointed from the list submitted to the Court in the Appellant's Motion that he mailed to the Court on August 12, 2007, or in the alternative, that the Court allow the Appellant to interview potential court appointed counsel to assure that counsel has the necessary experience to be able to properly argue and/or present this case before this Court.

Respectfully submitted,

Dated: 9-6-2007

By: [signature]
Julio Carrion Santiago
Appellant pro se

CERTIFICATE OF SERVICE

A true copy of the foregoing Motion(s) was sent via first class mail with postage prepaid and affixed thereon this 6th day of September, 2007, by placing same in the institution's outbound mailbox for legal mail to:

The United States Attorney's Office
Suite 9200
1 Courthouse Way
John Joseph Moakley Federal Courthouse
Boston, MA 02210

AND

Mr. John F. Cicilline, Esquire
Attorney at Law
381 Atwell Avenue
Providence, RI 02909

JOHN F. CICILLINE
Attorney at Law

Dante State Bank Building • 381 Atwells Avenue • Providence, RI 02909
Telephone 401-273-5600 • Fax 401-454-5600

August 17, 2007

Julio Carrion Santiago #71378-053
FCI Petersburg Low
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804

Dear Julio,

I received the documents which are enclosed from the Court of Appeals on August 16th, 2007.

You will need to fill out and file them immediately with the Court of Appeals if you intend to peruse an appeal. If you have a private lawyer have him send an entry of appearance to the Court.

Your failure to act will result in a dismissal of the appeal.

I have notified the court that your filing in the District Court, regarding the issue of whether you should have testified or not, creates an ethical conflict for me.

Sincerely,

John F. Cicilline, Esquire

JFC/rg
Enclosures

EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

[illegible]

NO. 04-CR-10336-NMG

[illegible] SANTIAGO,
APPELLANT

**APPELLANT SANTIAGO'S MOTION TO REIMBURSE $455.00 AND FOR DECISION ON ASSIGNED COUNSEL**

Now comes the Appellant in the above entitled matte[r] [illegible] that Honorable Court [illegible] se Kasandra Olivo with $455.00 mistakenly paid by her.

In support thereof appellant states that Kasandra Olivo was [illegible] emergency [illegible] Court of Appeal [illegible] telephone call to [illegible] office [illegible] filing fee waiver [illegible] of her money was [illegible] indigent [illegible] assignment [illegible] costs for this appeal and former Attorney [illegible] saying he would file a [illegible] appeal then merely filed a motion [illegible] Because [illegible] attached [illegible] 2007 letter [illegible] requested [illegible]

[illegible]

EXHIBIT 2