United States District Court
District of Massachusetts

```
_____
                              )
JULIO CARRION SANTIAGO,       )
                              )
        Petitioner,           )
                              )    Criminal No.
        v.                    )    04-10336-NMG
                              )
UNITED STATES OF AMERICA,     )
        Respondent.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

On January 11, 2013, this Court adopted a Report and Recommendation dismissing the habeas petition of Julio Carrion Santiago ("Santiago"). The Court now addresses whether Santiago is eligible for a Certificate of Appealability.

I. Background

On October 27, 2006, Santiago was convicted after a ten-day jury trial of conspiracy to distribute heroin and to possess heroin with intent to distribute under 21 U.S.C. §§ 846, 841(b)(1), possessing firearms in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) and of possession of unregistered firearms under 26 U.S.C. § 5861(d). The jury also found that the conspiracy involved at least one kilogram of heroin. This Court sentenced Santiago to 248 months'

-1-

imprisonment.

In his habeas petition, Santiago challenged his conviction on the grounds that he was deprived of his Sixth Amendment right to effective assistance of counsel and challenges the sentence that was imposed by the Court. This Court denied relief on those grounds and dismissed his petition.

## II. **Legal Analysis**

### A. **Standard**

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition

contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

**B.   Application**

Santiago claims that he was denied his Sixth Amendment right to effective assistance of counsel when his attorney failed to introduce evidence challenging the weapons offense and failed to subpoena the government's chemist who was responsible for preparing the report used to establish the nature and quantity of the drugs seized.  Santiago claims that it was both ineffective assistance and a violation of his rights under Brady for the government to fail to disclose information that it allegedly held regarding the criminal activities of a now disbarred attorney. The subject attorney, John M. Cicilline ("John M."), who is the son of defense counsel, Attorney John F. Cicilline ("John F."), allegedly bribed a police officer not to testify in defendant's case.  Furthermore, Santiago challenges the application of a five-year mandatory minimum consecutive sentence with respect to the gun charge against him.

This Court agreed with the Report and Recommendation of the Magistrate Judge and adopted the following reasons for denying all of Santiago's claims: first, it was not unreasonable for defense counsel to choose not to pursue a speculative line of questioning at trial regarding the possibility that the firearm,

discovered in the attic of defendant's residence, could have been placed there by someone else; second, defense counsel's strategic decision to stipulate to the admission of the report of a forensic chemist, prior to the Supreme Court's decision in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), was not unreasonable nor prejudicial; third, even assuming John M. was involved in defendant's case, defendant failed to demonstrate how evidence of John M.'s actions was either exculpatory or prejudicial to his defense; and fourth, defendant waived his challenge to his sentence by failing to raise it on direct appeal.

Having considered its earlier findings for a second time, the Court concludes that reasonable jurists could not debate the outcome and a certificate of appealability is inappropriate.

## ORDER

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 8, 2013